R. Edgar Thompson v. J. T. Robison, Commissioner of the General Land Office et al.

No. 4823. Decided November 21, 1928.
(10 S. W., 2d Series, 713.)

*Umphres, Mood & Clayton,* for relator.

*Claude Pollard,* Attorney-General, and *C. W. Truehart,* Assistant, for respondent Robison.

*Ben H. Powell* and *Rex G. Baker,* for respondent Humble Oil Co.

*Wm. Blakeslee,* co-respondent, in *pro. per.*

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The pleadings and the records of the General Land Office show as follows:

"September 21, 1926.

"I, J. T. Robison, Commissioner of the General Land Office of the State of Texas, do hereby certify that the papers, documents, and records of said office show:

"That Section 12, Blk. M–17, Cert. 201, D. & P. Ry. Co. in .Hutchinson County, Texas, was awarded to Henry Elder on November 30, 1898 on his application filed in this office on November 16, 1898 to purchase it as an actual settler at $1.00 an acre, the classification being grazing and the appraisement $1.00 an acre and that the required first payment of $16.00 was made to the State Treasurer as evidenced by his receipt and Elder's note or obligation for $624.00 bearing 3% interest was filed with said application to purchase;

"That Section 10, Blk. M–23, Cert. 1027, TC Ry. Co. in Hutchinson County, Texas, was awarded to Henry Elder on November 30, 1898 on his application filed in this office on November 18, 1898 to purchase same as additional to the aforesaid Section No. 12 at $1.00 an acre, the classification being dry grazing and the appraisement $1.00 an acre, and that the required first payment of $16.00 was made to the State Treasurer as evidenced by his receipt and Elder's

note or obligation for $624.00 bearing 3% interest was filed with the aforesaid application to purchase;

"That by deed dated September 12, 1899, Henry Elder conveyed said two sections together with other lands to A. J. Seargent which deed was filed in this office November 11, 1899;

"That on January 13, 1902, A. J. Seargent filed in this office proof showing the occupancy of said Section No. 12 for the period of time required by law and a Certificate-of-Occupancy was issued on December 12, 1905;

"That by deed dated January 20, 1902, A. J. Seargent conveyed said Sections 12 and 10 together with other lands to W. R. Haynie which deed was filed in this office on November 19, 1902;

"That by deed dated November 15, 1902, W. R. Haynie conveyed said Sections 12 and 10 together with other lands to Dave Pope which deed was filed in this office June 8, 1903;

"That by deed dated September 1, 1915, Dave Pope and wife, Mary Pope, conveyed said Sections 12 and 10 together with other lands to W. R. Lemons which deed was filed in the Land Office December 13, 1915;

"That by deed dated October 9, 1917, W. R. Lemons and wife, M. M. Lemons, conveyed said Sections 12 and 10 together with other lands to R. Edgar Thompson, a certified copy of which deed was filed in this office September 20, 1926;

"That on June 25, 1925, it appears from memoranda kept in this office a statement showing the interest due on said sections and stating that unless the accrued interest to November 1, 1922 was paid before September 1, 1925, the land would be forfeited, was mailed to R. Edgar Thompson at Plemons, Texas;

"That said two sections, Nos. 12 and 10 were forfeited for the nonpayment of interest on September 22, 1925 by the following entry made on the file wrapper, 'Land Forfeited September 22, 1925, J. H. Walker, Acting Commissioner' and a similar entry of this fact of forfeiture was made on the accounts kept with each of said sections and notice of the forfeiture of each section was mailed to the County Clerk of Hutchinson County, Texas, at the close of office hours on September 24, 1925;

"That permit No. 10352 to prospect said Section 12 for oil and gas was issued on February 5, 1926 to Wm. Blakeslee on his application filed with the County Clerk of Hutchinson County, Texas, on December 15, 1925 and in this office on January 9, 1926;

"That by deed dated June 3, 1926 and filed in this office July 7, 1926, Wm. Blakeslee conveyed said Permit No. 10352 covering said Section 12 to the Humble Oil and Refining Company;

"That Permit No. 10353 to prospect said Section No. 10 for oil and gas was issued to Wm. Blakeslee on February 5, 1926 on his application filed with the County Clerk of Hutchinson County, Texas on December 15, 1925 and in this office January 9, 1926;

"That the required payment of 10¢ an acre on each of said sections was made by the said Wm. Blakeslee when said applications were filed in this office and with the applications was filed in this office his affidavit showing his interest in other permit leases on mineral patents;

"That application to reinstate said Sections 12 and 10 was made February 19, 1926, on behalf of R. Edgar Thompson by his attorneys, Eckhardt and Turpin and that the amount of money required to pay the accrued interest to reinstate was tendered and the money returned for the reason the areas were covered by the aforesaid permits.

"IN TESTIMONY WHEREOF I hereunto set my hand and affix the seal of said office the date first above written.

"(Signed)   J. T. ROBISON,
"Commissioner."

The relator, in his petition for mandamus, prays judgment of this court compelling and requiring the Commissioner of the General Land Office to cancel the mineral permit issued to Wm. Blakeslee and either rescind the forfeiture endorsement on the wrapper pertaining to this land, or to re-instate said land upon relator's paying all past due interest, fees, and penalties. The original petition for mandamus was filed in this court on April 6, 1927, and on February 29, 1928, the relator filed in this court a motion to dismiss his petition for mandamus against the respondent and all co-respondents, and if necessary to withdraw this cause from submission in Section A of the Commission of Appeals in order that dismissal may be entered, and that such action be without prejudice to the right of relator, R. Edgar Thompson, to bring and prosecute any suit, action or legal proceeding of any kind or nature that he may deem proper in the future, although the same subject matter be at issue, and among the same or any number of the same parties. The respondent, the Land Commissioner. and the co-respondents, the holders of the oil permit, contest the motion to dismiss, and, in our opinion, set

up good and sufficient reasons why it would be unjust and inequitable to dismiss this application at this late date.

All legal questions involved in the original mandamus have been fully discussed and decided in Cause No. 4825, S. H. Huggins v. J. T. Robison, Commissioner, et al. (post, p. 82) except that this case involves the forfeiture of Section 12, Block M–17, Section 201, D. & P. R. R. Co., containing 640 acres of land, in Hutchinson County, Texas. The right to dismiss involves the same legal questions involved in Cause No. 4824, R. Edgar Thompson v. J. T. Robison, Commissioner, et al., (post, p. 77).

It also appears on the face of the record that the mineral permit issued to Wm. Blakeslee on February 5, 1926, has expired by operation of law under similar circumstances as set out in Cause No. 4825 above referred to.

We therefore recommend that the motion to dismiss the application for mandamus filed herein by relator be overruled, that the mandamus prayed for by relator be in all things refused, and that the mineral permit issued to Wm. Blakeslee be adjudged to be in force for the length of time after final judgment herein that it would have been in force after the date relator was permitted to file application for mandamus, had said permission for application to file mandamus not been granted.

Opinion of the Commission of Appeals is adopted and mandamus refused and mineral permit adjudged extended as recommended by the Commission.

*C. M. Cureton,* Chief Justice.